IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NEW YORK BEER PROJECT, LLC,<br><br>　　　　Defendant. | Civil Action No.: _____<br><br>**COMPLAINT**<br><br>**Jury Trial Demanded** |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability, and to provide appropriate relief to William Jones and Jeffrey Arnold. As alleged with greater particularity below, Plaintiff, the United States Equal Employment Opportunity Commission, alleges that Defendant New York Beer Project, LLC ("Defendant") violated the ADA when it discharged Jeffrey Arnold because he had cancer and discharged William Jones because he reported having a seizure, even though both were fully able to work.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of New York.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant has continuously been doing business in the State of New York and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C. §§ 12111(5) and (7).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Jeffrey Arnold and William Jones filed charges with the Commission alleging violations of the ADA by Defendant.

8. On October 24, 2023, the Commission issued to Defendant Letters of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. On January 17, 2024, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

### STATEMENT OF CLAIMS

11. Since at least March 2020, Defendant engaged in unlawful employment practices in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. § 12112(a) and (b)(5), by refusing to schedule and ultimately terminating Arnold because of his disability and Jones because Defendant regarded him as having a disability.

12. Defendant operates a restaurant, brewery, and beer hall in Victor, New York.

13. Arnold is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8). Defendant refused to schedule and ultimately terminated Arnold because he has an impairment (cancer/lymphoma) that substantially limits the major life activity of cell growth. Specifically:

   a. Arnold began working for Defendant as a bartender in April 2019.

   b. In February 2020, Arnold was diagnosed with lymphoma, a type of cancer.

   c. In February 2020, Arnold informed Defendant's General Manager, Amber Forkell, about his diagnosis.

   d. Arnold continued to work until March 2020, when Defendant furloughed employees because of the Covid-19 pandemic. Arnold's last shift with Defendant was March 3, 2020.

   e. Defendant conducted two trainings in July 2020, to prepare for re-opening. Arnold attended both trainings.

f. Arnold spoke with Sandra Coyne, who replaced Forkell as General Manager, at the first July 2020 training. Arnold told Coyne that he had cancer and started chemotherapy, but he was ready and willing to return to work and had no restrictions.

g. At the second training a week later, Arnold asked Coyne and manager Colin Willebrandt when Arnold would be placed on the schedule. Both Coyne and Willebrandt assured Arnold he would be worked into the schedule in the coming weeks.

h. Arnold was not added back to the schedule.

i. On August 7, 2020, still having not been added to the schedule, Arnold left a voicemail message for Coyne seeking an update on his return to work.

j. On September 18, 2020, after calling multiple times, Arnold finally spoke with Coyne.

k. Coyne told Arnold that Defendant had decided to move on, and Arnold was no longer an employee of Defendant.

l. While Coyne later told Defendant's owners that Arnold was terminated because of negative staff feedback, there was no record of any such feedback in Arnold's personnel file nor Defendant's daily shift logs. Arnold had never had a performance review, and did not work after he told Coyne about his disability.

m. At all times relevant, Arnold was qualified to perform all of the essential functions of the bartending position with or without accommodation. In fact, Arnold did not need or request an accommodation.

14. Jones is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8). Defendant refused to schedule and ultimately terminated Jones because it regarded him as disabled once he reported having a seizure. Specifically:

   a. Jones began working for Defendant as a bartender in February 2019 when the restaurant opened.

   b. Defendant often assigned Jones to act as Manager on Duty.

   c. On June 13, 2020, Jones was in a motorcycle accident in Defendant's parking lot.

   d. On June 25, 2020, Jones's primary care physician advised that Jones take a week-and-a half off, and cleared Jones to return to work without restriction on July 6, 2020.

   e. Jones provided this note to Defendant on June 25, 2020.

   f. Defendant did not return Jones to the schedule on or after July 6, 2020.

   g. On July 16, 2020, Jones suffered a nocturnal seizure, which was determined to be a result of a traumatic brain injury Jones suffered in the motorcycle accident.

   h. On July 20, 2020, Jones's neurologist recommended another period of leave but advised that Jones could return to work without restriction on August 31, 2020.

   i. Jones provided this note to Defendant on July 20, 2020.

   j. Defendant did not return Jones to the schedule on or after August 31, 2020.

   k. Jones texted managers Colin Willebrandt, Kolby Beane, and Chris Arlington several times about being added back to the schedule on a fulltime basis with no restrictions. Defendant did not add Jones to the schedule.

l. On September 8, 2020, Jones spoke with Regional Manager Arlington and General Manager Coyne about Jones getting back on the schedule. Arlington told Jones that Defendant's owners, Kelly and Kevin Krupski, wanted Jones to take more time off because they did not feel comfortable with Jones working while having seizures.

m. Kelly Krupski was afraid that Jones would hurt himself if he had a seizure while at work. She based this on her experience with a family member who had a history of seizures.

n. While Defendant was aware that Jones had been medically cleared to work, Arlington told Jones that Defendant was allowed to decide when to schedule its employees.

o. Defendant never returned Jones to the schedule.

p. Jones went to Defendant's restaurant on September 21, 2020, and spoke with Coyne and Defendant's Director of Operations, Dan Robinson, about Jones returning to work.

q. On September 23, 2020, owner Kevin Krupski drafted an email for Robinson to send to Jones, which said that despite any assurances to the contrary from Defendant's management, Jones's request to return to work could not be allowed until a thorough review of physician correspondence (including possibly, a discussion with the physician). Defendant does not have any policy with this requirement, and even if it did, Jones had provided Defendant sufficient documentation from his doctors clearing him to work without restriction. Prior to

        the September 23 email, Defendant had never advised Jones that Defendant may need to speak with Jones's physician.

    r. The September 23, 2020, email also stated that Jones had been disrespectful and insubordinate on September 21, 2020, which would prevent Jones's return to employment with Defendant.  However, outbursts and strong language often occurred at Defendant's restaurant without rebuke.

    s. At all times relevant, Jones was qualified to perform all of the essential functions of the bartending position with or without accommodation.  In fact, Jones did not need or request an accommodation.

15. The effect of the practices complained of in Paragraphs 11-14 above has been to deprive Arnold and Jones of equal employment opportunities and otherwise adversely affect their status as employees because of their disability and/or perceived disability.

16. Since at least 2020, Defendant has failed, in violation of Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c), to make and preserve records relevant to the determination of whether unlawful employment practices have been or are being committed.  Specifically, Defendant promptly destroyed the applications of unsuccessful applicants, thus failing to maintain applicant records for the time required by the ADA.

17. Since at least 2020, Defendant has failed, in violation of Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c) to comply with confidentiality requirements regarding employees' confidential medical information.  Specifically, Defendant (1) commingled medical information with personnel information in personnel files, (2) stored files containing confidential medical

information in an unsecured location in a office accessible to all, (3) stored files containing medical information of former employees in milk crates at the home of the Defendant's Corporate Control Officer, and (4) maintained confidential medical information, including employee Covid-19 status, surgeries, illnesses, and leaves of absence in an electronic log accessible to all managers and non-management employees designated as managers on duty.

18. The unlawful employment practices complained of in paragraphs 11-17 above were and are intentional.

19. The unlawful employment practices complained of in paragraphs 11-17 above were and are done with malice or with reckless indifference to the federally protected rights of Arnold, Jones, and other employees of Defendant.

## **PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against employees based upon disability or perceived disability.

B. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from violating recordkeeping requirements.

C. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

D. Order Defendant to make whole Arnold and Jones by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative

relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Arnold and Jones.

  E. Order Defendant to make and preserve all records relevant to the determination of whether unlawful employment practices have been or are being committed, in accordance with Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c).

  F. Order Defendant to make, maintain, and store confidential medical records in a manner that complies with the confidentiality provisions of Sections 107(a) and 107(b) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c).

  G. Order Defendant to make whole Arnold and Jones by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraphs 11-14 above, in amounts to be determined at trial.

  H. Order Defendant to make whole Arnold and Jones by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in Paragraphs 11-17 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, anxiety, stress, and humiliation.

  I. Order Defendant to pay punitive damages for its malicious and reckless conduct, as described in paragraphs 11-17 above, in amounts to be determined at trial.

  J. Grant such other and further relief as this Court deems necessary and proper in the public interest.

  K. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

| | |
|---|---|
| Date: April 24, 2024<br>New York, New York | Respectfully Submitted,<br><br>KARLA GILBRIDE<br>General Counsel<br><br>CHRISTOPHER LAGE<br>Deputy General Counsel<br><br>U.S. EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION<br>131 M. Street, N.E.<br>Washington, D.C. 20507<br><br>JEFFREY BURSTEIN<br>Regional Attorney<br><br>NORA CURTIN<br>Assistant Regional Attorney<br><br>U.S. EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION<br>New York District Office<br>33 Whitehall Street, Fl. 5<br>New York, NY 10004<br>(929) 506-5284<br><br>*/s/ Caitlin O'Neil*<br>CAITLIN O'NEIL<br>Trial Attorney<br><br>U.S. EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION<br>Buffalo Local Office<br>300 Pearl Street, Suite 450<br>Buffalo, New York 14202<br>caitlin.oneil@eeoc.gov |